# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : **COMPLAINT**<br> : **CIVIL ACTION NO.**<br> : <br> : <br> : |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| and | : |
| INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, AFL-CIO,<br>7154 Columbia Gateway Drive<br>Columbia, MD  21046, | : <br> : <br> : <br> : |
| Plaintiffs, | : |
| v. | : |
| UNITED ELEVATOR CO., LLC<br>2828 10th Street NE, Ste.6<br>Washington, DC 20017 | : <br> : <br> : |
| and | : |

| | |
|---|---|
| NICHOLAS IRVING | : |
| 711 Hospital Street Unit 10 | : |
| Richmond, VA 23219, | : |
| | : |
| Defendants. | : |

# COMPLAINT

### (TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; TO COLLECT UNPAID WAGES AND OTHER PAYMENTS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; FOR EQUITABLE RELIEF; AND FOR BREACH OF FIDUCIARY DUTY)

## Parties

1.  The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.  The National Elevator Industry Health Benefit Fund ("Health Benefit Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health Benefit Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health Benefit Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The National Elevator Industry Educational Fund ("Educational Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Educational Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Educational Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5. The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The International Union of Elevator Constructors, AFL-CIO, ("IUEC") is an unincorporated labor organization, as that term is defined in § 2(5) of the Labor-Management

Relations Act (LMRA), 29 U.S.C. § 152(5). The IUEC maintains an office at 7154 Columbia Gateway Drive, Columbia, MD 21046 and is engaged in representing or acting on behalf of union members throughout every state in the United States of America.

7. United Elevator Co., LLC ("United Elevator"), is a District of Columbia business existing under District of Columbia laws with offices located at 2828 10th St., NE, Ste 6, Washington, DC 20017.

8. United Elevator transacts business in Washington, D.C. as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

9. At all relevant times, United Elevator was and is signatory and bound to the Agreements between the IUEC and the National Elevator Bargaining Association ("Collective Bargaining Agreements") by virtue of its Short Form Agreement.

10. Nicholas Irving ("Irving"), is an officer and owner of United Elevator, and resides at 711 Hospital Street, Unit 10, Richmond, VA 23219.

11. At all relevant times, Irving exercised control and discretion over the assets of United Elevator, including, but not limited to, decisions regarding the collection of receivables for United Elevator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by United Elevator's employees, and the amounts to be paid to the Plaintiffs. Accordingly, Irving is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## Jurisdiction

12. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to enforce an employer's contractual obligation to submit benefit payments and other contributions pursuant to a Collective Bargaining Agreement, to collect amounts due to employee benefit plans pursuant to an audit, to collect unpaid wages and other amounts due pursuant to a Collective Bargaining Agreement, to collect the outstanding contributions and other amounts from the owner individually, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

13. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered, and where the Union Plaintiff is engaged in representing or acting on behalf of employee members.

14. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS FOR UNPAID CONTRIBUTIONS)

15.  The Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund ("Benefit Funds" or "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in Count I.

16.  Pursuant to its Collective Bargaining Agreements, Defendant United Elevator agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

17.  Defendant United Elevator employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the entire amount when due to the Benefit Funds for work performed in November and December 2017 as required by the Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

18.  The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

19.  The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

## COUNT II

### (AMOUNTS OWED TO THE HEALTH BENEFIT FUND AND ANNUITY 401(K) FUND FOR UNREMITTED CONTRIBUTIONS DEDUCTED FROM EMPLOYEES WAGES)

20. The Health Benefit Fund and Annuity 401(k) Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in Count II.

21. Pursuant to its Collective Bargaining Agreements, Defendant United Elevator agreed to remit to the Health Benefit Fund certain sums of money deducted from the wages of Defendant's employees covered by the Collective Bargaining Agreements for each hour worked.

22. Defendant United Elevator employed certain employees covered by the Collective Bargaining Agreements, deducted from the employees' wages amounts payable to the Health Benefit Fund, and failed to remit the entire amount when due to the Health Benefit Fund during the months of November and December 2017 as required by the Collective Bargaining Agreements and the Health Benefit Fund's Restated Agreement and Declaration of Trust.

23. Pursuant to its Collective Bargaining Agreements, Defendant United Elevator agreed to remit to the Annuity 401(k) Fund certain sums of money deducted from the wages of Defendant's employees covered by the Collective Bargaining Agreements, as designated by each employee covered by the Collective Bargaining Agreements, on a weekly basis.

24. Defendant United Elevator employed certain employees covered by the Collective Bargaining Agreements, deducted from the employees' wages amounts payable to the Annuity 401(k) Fund, and failed to remit the entire amount when due to the Annuity 401(k) Fund during the months of September, October, November, and December 2017, and January 2018, as required by

the Collective Bargaining Agreements and the Annuity 401(k) Fund's Restated Agreement and Declaration of Trust.

25. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest and/or lost earnings from the date due through the date of payment.

26. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

## COUNT III

## (OTHER CONTRIBUTION PAYMENTS)

27. The Work Preservation Fund hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 26 as if fully set forth in Count III.

28. Pursuant to its Collective Bargaining Agreements, Defendant agreed to pay to the Work Preservation Fund certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

29. Defendant employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the entire amounts when due to the Work Preservation Fund in November and December 2017 as required by the Collective Bargaining Agreements.

30. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay reasonable attorneys' fees and court costs.

## COUNT IV

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS PURSUANT TO AN AUDIT)

31. The Benefit Fund Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 30 as if fully set forth in Count IV.

32. Pursuant to the Collective Bargaining Agreements, Defendant United Elevator agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

33. In May 2017, the certified public accounting firm of Daniel A. Winters & Co. first determined that amounts were owed to the Plaintiffs for unreported work performed from August 1, 2014 through and including July 31, 2016. The Plaintiffs were not aware that amounts were owed to them by the Defendant United Elevator prior to that time.

34. Defendant United Elevator employed certain employees covered by the Collective Bargaining Agreements, but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from August 1, 2014 through and including July 31, 2016, as required by the Collective Bargaining Agreements and the Plaintiffs' Restated Agreements and Declarations of Trust, in the amount of $127,636.01.

35. The Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

36. The Collective Bargaining Agreements and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## COUNT V

### (REQUEST FOR INJUNCTIVE RELIEF)

37. The Benefit Fund Plaintiffs hereby adopt, incorporate and restate in Count V paragraphs 1 through 36 of Counts I, II, III, and IV.

38. Defendant United Elevator, pursuant to the Collective Bargaining Agreement and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust, agreed to report hours and make timely contributions to the Plaintiffs in the amounts and on the dates required by the Collective Bargaining Agreements and Restated Agreements and Declarations of Trust.

39. Defendant United Elevator has repeatedly failed to submit timely reports and pay contributions to the Plaintiff Benefit Funds. Plaintiffs' counsel has had to pursue payments and demand payments from the Defendant in order to force the Defendant to pay delinquent contributions as required by the terms of the Collective Bargaining Agreement and Restated Agreements and Declarations of Trust.

40. Defendant United Elevator's persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of ERISA and an employee benefit plan, and threatens the Plaintiffs, and the Plaintiffs' participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

41. By virtue of the failure to make timely payments, Defendant United Elevator has caused the Plaintiffs and their participants to suffer the loss of investment income and incur additional administrative expenses as well as deprive the Plaintiffs and their participants of the ability to determine the amount of contributions owed and credit earned by employees during that time period.

42. The public interest will be served by an issuance of injunctive relief.

## COUNT VI

### (UNPAID WAGES, OTHER PAYMENTS, AND BREACH OF COLLECTIVE BARGAINING AGREEMENT)

43. The IUEC hereby adopts, incorporates and restates in Count VI paragraphs 1 through 42 of Counts I, II, III, IV, and V.

44. Pursuant to the terms of the Collective Bargaining Agreement to which Defendant United Elevator is bound, Defendant United Elevator must pay employees in covered employment an agreed upon wage rate and other payments.

45. Defendant United Elevator failed to pay employees in covered employment the agreed upon wage rate and other payments due in November and December 2017, and January 2018, in breach of the collective bargaining agreement.

## COUNT VII

### (FOR BREACH OF FIDUCIARY DUTY)

46. The Benefit Fund Plaintiffs hereby adopt, incorporate and restate in Count VII paragraphs 1 through 45 of Counts I, II, III, IV, V, and VII.

47. The Defendant Nicholas Irving executed the Short Form Agreement on August 1, 2014, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Funds' Restated Agreements and Declarations of Trust.

48. The Defendant Nicholas Irving was and is responsible for creating and operating United Elevator and determining the total amount of employer contributions to pay to the Benefit Fund Plaintiffs from United Elevator's assets, the total amount of contributions withheld from employees' wages to pay to the Health Benefit Fund from United Elevator's assets, and the total

amount of employee elective deferrals withheld from employees' wages to pay to the Annuity 401(k) Fund from United Elevator's assets.

49. Defendant Nicholas Irving commingled assets of United Elevator payable to the Plaintiffs with the general assets of United Elevator and used those assets for purposes other than to pay the Plaintiffs.

50. Defendant Nicholas Irving exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

51. The amounts due, but unpaid by Defendant United Elevator, were assets of the Benefit Fund Plaintiffs as established in the Collective Bargaining Agreements and the Benefit Funds' Restated Trust Agreements.

52. The factual contentions in Paragraphs 11, 17, 22, 24, 29, 34, 47 through 51 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I, II, III, IV, V, VI, and VII as follows:

1. That the Court find the Defendant United Elevator liable in the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from November 2017 to date and through the date of judgment;

2. That the Court find the Defendant United Elevator liable in the amount of unremitted contributions deducted from employees' wages, interest, lost earnings, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining

Agreement and Restated Trust Agreements to the Plaintiffs from September 2017 to date and through the date of judgment;

3. That the Court find the Defendant United Elevator liable in the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs pursuant to an audit performed for the months of August 1, 2014 through July 31, 2016, to date and through the date of judgment;

4. That the Defendant United Elevator be directed to comply with its obligations to correctly report and contribute to the Plaintiffs in a timely manner in the future as alleged in Count V;

5. That the Court find Defendant United Elevator liable in the amount of unpaid wages and other payments owed under the Collective Bargaining Agreement to which the Defendant United Elevator is bound;

6. That the Court find the Defendant Nicholas Irving jointly and severally liable with Defendant United Elevator for the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Trust Agreements to the Plaintiffs from November 2017 to date and through the date of judgment;

7. That the Court find the Defendant Nicholas Irving jointly and severally liable with Defendant United Elevator liable in the amount of unremitted contributions deducted from employees' wages, interest, lost earnings, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from September 2017 to date and through the date of judgment;

8. That the Court find the Defendant Nicholas Irving jointly and severally liable with Defendant

United Elevator for the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Trust Agreements to the Plaintiffs pursuant to an audit performed for the months of August 1, 2014 through July 31, 2016, to date and through the date of judgment;

9. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii), and the Restated Trust Agreements; and

10. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: January 24, 2018                     _s/ Andrew Kelser_____
                                            Andrew Kelser, Bar No. 314865
                                            **O'DONOGHUE & O'DONOGHUE LLP**
                                            Constitution Place, Suite 515
                                            325 Chestnut Street
                                            Philadelphia, PA  19106
                                            Telephone (215) 629-4970
                                            Facsimile (215) 629-4996

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 24th day of January 2018 on the following:

        Secretary of the Treasury
        15th. and Pennsylvania Ave., N.W.
        Washington, DC  20220
        ATTN: Employee Plans
                Internal Revenue Service

        Secretary of Labor
        200 Constitution Avenue, N.W.
        Washington, DC  20210
        ATTN: Assistant Solicitor
                for Plan Benefits Security

                                    s/ Andrew Kelser
                                    Andrew Kelser